Rogers, Judge,
concurring separately.
{¶ 20} I concur with the majority on its disposition of the issue of ambiguity in the trial court’s decree of dissolution of marriage. I write separately to comment on what I perceive to be procedural issues.
{¶ 21} I would first observe that while appellee claims to have filed a declaratory-judgment action, it was really a motion within the original action. Declaratory-judgment actions are special statutory proceedings and are not intended to be utilized when other statutory proceedings are available. In this case, the issue was a property settlement in a dissolution of marriage. The action for dissolution is statutory, and the procedures are covered by the Rules of Civil Procedure. There was no need, nor any authority, to initiate a declaratory-judgment action, and, indeed, none was initiated. The current proceeding was filed within the original dissolution action and treated in the same manner as a motion for clarification or enforcement of the trial court’s earlier judgment would have been handled. The term “declaratory judgment” was a misnomer in this *160 case, and this author does not believe that the holding here should be interpreted as endorsing the filing of a “declaratory judgment action” within existing cases.
(¶ 22} Secondly, appellant assigned as error the trial court’s denial of her Civ.R. 50(A) motion for a directed verdict. A verdict is a decision rendered by a jury. There was no jury in this case, and, therefore, a motion for a directed verdict was inappropriate. See Civ.R. 50(A)(5) (jury assent unnecessary); Civ.R. 41(B)(2) (dismissal; nonjury action).